IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION


DORIS STEVENS,

    Plaintiff,

vs.                                            CASE NO. 1:06CV102-MMP/AK

MICHAEL J. ASTRUE,[1]
**Commissioner of Social Security**

    Defendant.

_____/


## REPORT AND RECOMMENDATION

This action is brought pursuant to 42 U.S.C. § 405(g) of the Social Security Act (Act) for review of a final determination of the Commissioner of Social Security (Commissioner) denying Plaintiff's application for disability insurance benefits (DIB) filed under Title II of the Act.

Upon review of the record, the Court concludes that the findings of fact and determinations of the Commissioner are **not** supported by substantial evidence; thus, the decision of the Commissioner should be reversed and remanded.

---

[1] On February 12, 2007, Michael J. Astrue became the Commissioner of Social Security. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue should be substituted, therefore, as the Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. §405(g).

A.    **PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on July 24, 2002, alleging a disability onset date of July 1, 2001, because of lupus, rheumatoid arthritis, and back pain. Plaintiff petitioned for a hearing before an administrative law judge (ALJ), who conducted a hearing on November 2, 2004, and entered an unfavorable decision on March 3, 2005. The Appeals Council denied Plaintiff's request for review, thus making the decision of the ALJ the final decision of the Commissioner. This action followed.

B.    **FINDINGS OF THE ALJ**

The ALJ found that Plaintiff had severe impairments, discoid lupus, rheumatoid arthritis and mild bilateral carpal tunnel syndrome, but that these impairments are not severe enough to meet the Listings of Impairments. (R. 18). The ALJ also found that the medical evidence did not support the Plaintiff's allegations that she had to quit her job in July 2001 because she could not perform her job duties and that Plaintiff sought no back treatment during this time. (R. 17-19). The ALJ found that Plaintiff's testimony is not credible because it is directly in conflict with the evidence, for example, she says she frequently missed work during 2001 because of doctor's appointments and her pain levels made her late for week 2 or 3 times a week, but the evidence establishes only infrequent gynecological examinations during the year 2001. The ALJ rejected Dr. Greenberg's pain assessment because it is inconsistent with his examination of her in 2002 and he only saw her the one time. (R. 20). Based on the RFC assessments by the state agency physicians, who had the opportunity to review the medical evidence, the ALJ found Plaintiff capable of light work and posed his findings in a hypothetical to

**No. 1:06CV102-MMP/AK**

the vocational expert,[2] who testified that while she could not perform her past relevant work there were numerous other jobs in the national economy which she could perform such as mail clerk, officer helper, cashier/ticket seller, surveillance system monitor, and charge account clerk. (R. 21).

## C.     ISSUES PRESENTED

Plaintiff argues that the ALJ erred in not making a specific Step 2 finding that Plaintiff had severe impairments of "Systemic Lupus Erythematosus, Severe Spondylolysis with Spondylolisthesis L4 and S-1, Advance Bilateral Neural Foraminal Narrowing at L5/S1 and Impingement on both exiting L5 nerve roots."

The government responds that the ALJ found at Step 2 that Plaintiff had severe impairments, which included discoid lupus, rheumatoid arthritis, and mild bilateral carpal tunnel syndrome. (R. 16). The ALJ may properly find other alleged impairments not severe when the medical evidence supports such a finding.

The issue thus presented is whether the Commissioner's decision that Claimant is not disabled is supported by substantial evidence in the record and decided by proper legal standards.

## D.     STANDARD OF REVIEW

---

[2] The ALJ found Plaintiff's RFC to include a younger individual (Plaintiff was 34 years old at the time of the hearing), high school education, able to lift 20 pounds occasionally and 10 pounds frequently, able to sit, stand, and walk six hours out of an eight hour day, unlimited pushing, pulling, only occasional climbing, balancing, stooping, kneeling, crouching and crawling, no climbing of ladders, ropes or scaffolding, with a sit/stand option, and no nonexertional or mental limitations. (R. 22).

**No. 1:06CV102-MMP/AK**

Title 42 U.S.C. § 405(g) sets forth the standard of review for this court.  The Commissioner's decision must be affirmed if it is supported by substantial evidence and the correct legal standards have been applied.  Graham v. Apfel, 129 F.3d 1420, 1422 (11th Cir. 1997).  Findings of fact by the Commissioner which are supported by substantial evidence are conclusive. 42 U.S.C. § 405(g). Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996).  "Substantial evidence" has been defined to mean "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted) (per curiam).  It is more than a scintilla, but less than a preponderance.  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).  The court may not reweigh the evidence or substitute its judgment for that of the Commissioner.  Wolfe v. Chater, 86 F.3d 1072, 1076 (11th Cir. 1996).  It must determine only if substantial evidence supports the findings of the Commissioner.  See Bridges v. Bowen, 815 F.2d 622, 624 (11th Cir. 1987) (per curiam).  Even if substantial evidence exists which is contrary to the Commissioner's findings, where there is substantially supportive evidence of the Commissioner's findings, the court cannot overturn them.  Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991).  Unlike the deferential review accorded to the Commissioner's findings of fact, his conclusions of law are not presumed valid. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).  The Commissioner's failure to apply correct legal standards or to provide the reviewing court with an

**No. 1:06CV102-MMP/AK**

adequate basis for it to determine whether proper legal principles have been observed requires reversal.  Id. (citations omitted).

A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that claimant is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ."  42 U.S.C. § 423(d)(2)(A).

Pursuant to 20 C.F.R. § 404.1520(a)-(f), the Commissioner analyzes a claim in five steps:

1. Is the individual currently engaged in substantial gainful activity?

2. Does the individual have any severe impairment?

3. Does the individual have any severe impairments that meet or equal those listed in Appendix 1 of 20 C.F.R. Part 404?

4. Does the individual have any impairments which prevent past relevant work?

5. Do the individual's impairments prevent any other work?

A finding of disability or no disability at any step renders further evaluation unnecessary.  Plaintiff bears the burden of establishing a severe impairment that keeps him from performing his past work.  If Plaintiff establishes that his impairment keeps him

**No. 1:06CV102-MMP/AK**

from his past work, the burden shifts to the Commissioner at step five to show the existence of other jobs in the national economy which, given Plaintiff's impairments, Plaintiff can perform.  Chester v. Bowen, 792 F.2d 129, 131 (11th Cir. 1986); MacGregor v. Bowen, 786 F.2d 1050, 1052 (11th Cir. 1986).  If the Commissioner carries this burden, Plaintiff must prove that he cannot perform the work suggested by the Commissioner.  Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987).  It is within the district court's discretion to affirm, modify, or reverse a Commissioner's final decision with or without remand. 42 U.S.C. § 405(g); Myers v. Sullivan, 916 F.2d 659, 676 (11th Cir. 1990).

### E.     SUMMARY OF CLAIMANT'S RELEVANT MEDICAL HISTORY

Plaintiff has several medical conditions established by objective medical tests including lupus (R. 133), carpal tunnel syndrome (R 246), and spondylolysis with spondylolisthesis L4 and S-1, and advanced bilateral neural foraminal narrowing at L5/S1 and impingement on both exiting L5 nerve roots.  (R. 197, 248).  Plaintiff had physical therapy and epidural shots which provided no relief (R. 244-249, 250-277), so she had a lumbar decompression and disc fusion on September 24, 2004, within a few weeks of the hearing. (R. 298-299).

The consultative examination by Dr. Greenberg was performed prior to this surgery (R. 194-197), as were the two Residual Functional Capacity Assessments, which found her capable of performing light work.  (R. 198-205, 226-233).  Dr.

**No. 1:06CV102-MMP/AK**

Greenberg responded to a pain questionnaire dated April 2, 2004, that Plaintiff suffered from continuous, marked pain. (R. 278-283).

F.    **SUMMARY OF THE ADMINISTRATIVE HEARING (November 2, 2004)**

Plaintiff was 34 years old at the time of the hearing and completed the equivalent of a high school education. (R. 287). She testified that she began having back pain in 1997, which eventually caused her to be unable to work. (R. 295-296). She worked with pain until 2001. (R. 297). She had three or four epidural shots for the pain and then had surgery in September prior to the hearing, a lumbar decompression and disc fusion. (R. 298-299). She also has carpal tunnel syndrome and rheumatoid arthritis. (R. 300). She had difficulty getting to work on time, but was not reprimanded for this, she just quit her job on her own because of the pain. (R. 300-301). She takes care of her two children and does the "regular household performance" that a mother needs to do. (R. 302). She takes Vixtrel and Lortab for pain following her surgery a few weeks ago. (R. 303). Her typical day is getting her older son ready for school and then returning home from the bus stop to take care of her 4 year old. She is not able to lift anything presently and her husband and older son help her. (R. 306). She can sit about an hour, stand about 30 minutes to an hour, and she has difficulty concentrating. (R. 307-308). The vocational expert testified in response to a hypothetical of sedentary to light work with a sit/stand option that she could not perform her past relevant work, but she could perform other jobs such as mail clerk, office helper, ticket seller, surveillance system monitor, and charge account clerk. (R. 309-310). Adding a

**No. 1:06CV102-MMP/AK**

limitation from exposure to heat, cold, wetness, and humidity would not affect these numbers. (R. 31). The ALJ added limitations of sitting one hour, with a 30 minute break and a marked inability to complete the days work without unnecessary breaks, and the expert said that none of the jobs could be performed. (R. 310-311).

## G.   DISCUSSION

The undersigned is of the opinion that this case should be remanded for further proceedings for a number of reasons.

Initially, Plaintiff's argument that the ALJ failed to include her back condition as a severe impairment is well taken. There are numerous objective clinical tests in the record to confirm a severe back condition (R. 137, 197, 248), yet the ALJ found only "discoid lupus, rheumatoid arthritis, and mild bilateral carpal tunnel syndrome" as severe impairments within the meaning of the regulations. (R. 16). Most of his discussion of the medical evidence involves her allegations of and treatment for back pain. (R. 17-18). The two RFC's in the record, which are relied upon by the ALJ, address her lumbar pain. (R. 20, 198-205, 226-233). Plaintiff testified at the hearing that her primary impairment is her back and the bulk of the medical evidence of record concerns her back condition. Thus, under the definition of severe, as set forth in the regulation cited below, there is substantial evidence to support a finding that the back condition established by x-ray and MRI should have been included as a severe impairment and the ALJ's failure to make such a finding is error. (See 20 CFR §404-1521) ( a severe

**No. 1:06CV102-MMP/AK**

impairment is one that significantly limits an individual's physical or mental ability to do basic work activities).

Further, the undersigned is of the opinion that the ALJ failed to fully develop the record when he did not obtain the records of Plaintiff's recent back surgery done within a few weeks of the hearing. An ALJ has a clear duty to fully and fairly develop the administrative record. Brown v. Shalala, 44 F.3d 931, 934 (11th Cir. 1995). In carrying out this duty, an ALJ must "scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts." Smith v. Schweiker, 677 F.2d 826 (11th Cir. 1982). In all such cases, there must be a showing of prejudice before remand is warranted for further development. Brown, 44 F.3d at 935; Kelley v. Heckler, 761 F.2d 1538, 1540 (11th Cir. 1985). Prejudice has been found when the record has "evidentiary gaps which result in unfairness or 'clear prejudice.'" Brown, 44 F.3d at 935, *quoting* Ware v. Schweiker, 651 F.2d 408 (5th Cir. Unit A July 1981), cert. denied 455 U.S. 912. An ALJ is not required to order medical evidence to have a complete record unless the record establishes that it is necessary to enable the ALJ to render his decision. Holladay v. Bowen, 848 F.2d 1206 (11th Cir. 1988)(concerning the ordering of a consultative examination; Kelly, 761 F.2d at 1540 (concerning additional medical information submitted by the claimant).

It is significant to the undersigned that Plaintiff had back surgery a few weeks before the hearing, and yet there are no records of this in the file and the ALJ does not even mention it in his decision. Certainly, this fact was relevant to his decision and

**No. 1:06CV102-MMP/AK**

required additional development.  True, Plaintiff was represented by counsel at this hearing who did not request that the record be left open to include these records (R. 286), and true, Plaintiff may actually be better after this surgery.  However, all of the medical records in the file, the consultative examination, and the RFC's precede this surgery, and therefore, did not accurately reflect the condition of the Plaintiff and the ALJ was made aware of this at the hearing.  Certainly, this is at least an evidentiary gap, although there is no way to ascertain whether the failure to include these records is ultimately prejudicial.  However, the undersigned is of the opinion that the surgery and her condition afterwards, particularly her current functional abilities are relevant facts, and the ALJ erred in failing to include the records of this surgery and re-assessing her functional abilities after this surgery.

Finally, the use of the grids to make a determination of disability is appropriate only "if none of claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level."  Wolfe v. Chater, 86 F.3d at 1078, quoting Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).  See also Foote v. Chater, 67 F.3d 1553, 1558 (11th Cir. 1995).  "It is only when the claimant can clearly do unlimited types of [] work . . . that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy."  Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted).  Exclusive reliance upon the grids is not appropriate when claimant has a nonexertional impairment

**No. 1:06CV102-MMP/AK**

that significantly limits his basic work activities.  <u>Swindle v. Sullivan</u>, 914 F.2d 222, 226 (11th Cir. 1990).

Pain is a nonexertional impairment which, if it significantly limits basic work activities, precludes application of the grids.  <u>See</u> <u>Foote v. Chater</u>, 67 F.3d at 1559.  Although a vocational expert was called to testify at the hearing, the ALJ relied upon the grids to make his disability determination.  (R. 22).  It is the opinion of the undersigned that this, too, was error.  As noted above, the ALJ failed to include all of Plaintiff's severe impairments, as established by the medical record, but even the conditions he did find as severe--lupus, rheumatoid arthritis, and carpal tunnel syndrome--all include pain as a component of their symptomology.  Adding the back condition as established by the MRI and other objective tests, pain certainly should have been found to constitute a nonexertional limitation, thereby, precluding the use of the grids to make a disability determination.  Further, it should have been included in the hypothetical to the vocational expert.

Accordingly, it is respectfully **RECOMMENDED**:

That the decision of the Commissioner denying benefits be **REVERSED AND REMANDED** for further proceedings to include evidence of Plaintiff's back surgery in September 2004, an updated RFC, an updated consultative examination, and if warranted by this additional medical evidence, the use of a vocational expert to assess

**No. 1:06CV102-MMP/AK**

the limitations of her current medical condition and the affect thereof on her ability to work in response to a hypothetical that includes the exertional and non-exertional limitations established by the evidence.

At Gainesville, Florida, this **20th** day of June, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

**No. 1:06CV102-MMP/AK**